IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| RACHEL C. EDDLEMAN, D.V.M., and EDDLEMAN PROPERTY MANAGEMENT, LLC.,<br><br>    Plaintiffs,<br><br>v.<br><br>PETVET CARE CENTERS (GEORGIA), LLC d/b/a MT. YONAH ANIMAL HOSPITAL,<br><br>    Defendant. | Civil Action<br>File No. 2:23-CV-0078-RWS |

## DEFENDANT'S INITIAL DISCLOSURES

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Defendant is properly identified.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendant does not contend that any unnamed parties are necessary to this action.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Defendant has filed a motion to dismiss Plaintiffs' Complaint. As such, the time for Defendant's answer has not come due. Accordingly, at this time, Defendant has not answered or asserted a counterclaim. Defendant will timely supplement its response to address any defenses or counterclaims raised after filing its answer. Defendant further reserves the right to amend and supplement as discovery proceeds.

**(4) Describe in detail all statutes, codes, regulations, legal principals, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Defendant has filed a motion to dismiss Plaintiffs' Complaint. As such, the time for Defendant's answer has not come due. Accordingly, at this time, Defendant has not answered or asserted a counterclaim. Defendant will timely supplement its response to address any defenses or counterclaims raised after filing its answer.

At this time, Defendant identifies the following statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law as being applicable to this action:

- Georgia contract law principles (as contained in Title 13 of the Georgia Code and Georgia's common law), including contract canons of construction;

- Georgia statutes and regulations covering veterinary clinics;

- Georgia misappropraition of likeness and privacy principles, including those set forth in *Pavesich v. New England Life Insurance Co.*, 50 S.E. 68 (Ga. 1905) and subsequent cases;

- Georgia law regarding restrictive covenants, including the Georgia Restrictive Covenants Act, O.C.G.A. § 13-8-50, *et seq.* and Georgia's common law;

- O.C.G.A. § 13-6-11; and

- all authorities relied on by Plaintiff.

Defendant further reserves the right to amend and supplement as discovery proceeds.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

*See* Attachment A.

3

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

*See* Attachment B.

**(7) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

*See* Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

*See* Attachment D.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

N/A.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be**

**entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Defendant is not aware of any insurance agreement relevant to this matter.

#3558331v2

## Attachment A to Defendant's Initial Disclosures

**Astrid Ivie**
c/o Plaintiff's counsel
Bondurant Mixson & Elmore, LLP
1201 W. Peachtree Street, Suite 3900
Atlanta, GA 30309
404-881-4100
This witness may have information about the maintenance and repair at MYAH including the laws and regulations governing veterinary clinics and Dr. Eddleman's working relationships with staff at MYAH and working relationships with employees of PetVet.

**Ann Lloyd**
c/o Plaintiff's counsel
Bondurant Mixson & Elmore, LLP
1201 W. Peachtree Street, Suite 3900
Atlanta, GA 30309
404-881-4100
This witness may have information about Dr. Eddleman's job performance as an employee of PetVet, Dr. Eddleman's transition of ownership to PetVet, Dr. Eddleman's working relationships with staff at MYAH and working relationships with employees of PetVet.

**Tricia Rentz**
c/o Plaintiff's counsel
Bondurant Mixson & Elmore, LLP
1201 W. Peachtree Street, Suite 3900
Atlanta, GA 30309
404-881-4100
This witness may have information about Dr. Eddleman's job performance as an employee of PetVet, Dr. Eddleman's transition of ownership to PetVet, Dr. Eddleman's working relationships with staff at MYAH and working relationships with employees of PetVet.

**Jessica Taylor**
c/o Plaintiff's counsel
Bondurant Mixson & Elmore, LLP

1201 W. Peachtree Street, Suite 3900
Atlanta, GA 30309
404-881-4100
This witness may have information about the maintenance and repair at MYAH including the laws and regulations governing veterinary clinics and Dr. Eddleman's working relationships with staff at MYAH and working relationships with employees of PetVet.

**Erin Vickery**
c/o Plaintiff's counsel
Bondurant Mixson & Elmore, LLP
1201 W. Peachtree Street, Suite 3900
Atlanta, GA 30309
404-881-4100
This witness may have information about Dr. Eddleman's job performance as an employee of PetVet, Dr. Eddleman's transition of ownership to PetVet, Dr. Eddleman's working relationships with staff at MYAH and working relationships with employees of PetVet.

**Steve Youd**
c/o Plaintiff's counsel
Bondurant Mixson & Elmore, LLP
1201 W. Peachtree Street, Suite 3900
Atlanta, GA 30309
404-881-4100
This witness may have information about Dr. Eddleman's job performance as an employee of PetVet, Dr. Eddleman's transition of ownership to PetVet, Dr. Eddleman's working relationships with staff at MYAH and working relationships with employees of PetVet.

All the witnesses identified by the Plaintiffs.

Defendant has not completed their investigation, and there may be individuals who have information whose identities have not yet been ascertained; conversely, some of the listed individuals may turn out to have no relevant, non-duplicative information.  These initial disclosures are made without waiver of, or prejudice to, privilege, work product, or other protection, burden, confidentiality, or admissibility.

**Attachment B to Defendant's Initial Disclosures**

Defendant has not yet determined which expert witnesses may be used at trial. Defendant will supplement this response at a later date as required by the Federal Rules of Civil Procedure, the Local Rules, and any Scheduling Order entered by this Court.

**Attachment C to Defendant's Initial Disclosures**

1. All contracts or agreements executed between Plaintiffs and Defendant.

2. Documents relating to the maintenance and upkeep of MYAH, both before and after Dr. Eddleman sold her veterinary practice to Defendant.

3. Correspondence between Plaintiffs and Defendant relating to Dr. Eddleman's performance as an employee, including but not limited to her refusal to work the minimum number of hours required under her employment agreement and her inability to conduct herself in a professional manner and work effectively with the staff of MYAH.

4. Correspondence between Plaintiffs and Defendant relating to Dr. Eddleman's failure to timely transfer access to email and other electronic records relating to MYAH.

5. All documents Plaintiffs produce to Defendant in this case.

Documents in the custody or control of Plaintiffs or others are not listed. Defendant reserves the right to supplement this list as discovery proceeds. Defendant's identification of categories of documents is not a representation that any particular document exists within Defendant's possession, custody, or control. Defendant's initial disclosures are made without waiver of, prejudice to, any work product, or other protection, burden, confidentiality, or admissibility.

**Attachment D to Defendant's Initial Disclosures**

Defendant has filed a motion to dismiss Plaintiffs' Complaint. As such, the time for Defendant's answer has not come due. Accordingly, at this time, Defendant has not answered or asserted a counterclaim. In the event Defendant asserts a counterclaim, Defendant will timely supplement its response to identify its damages. Defendant further reserves the right to amend and supplement Attachment D as discovery proceeds.

*Signature follows on the next page.*

This 29th day of June, 2023.

        */s/ Tiana S. Mykkeltvedt*
        Tiana S. Mykkeltvedt
        Georgia Bar No. 533512
        mykkeltvedt@bmelaw.com
        Solesse L. Altman
        Georgia Bar No. 442827
        altman@bmelaw.com
        **BONDURANT MIXSON & ELMORE LLP**
        1201 W. Peachtree St., Suite 3900
        Atlanta, Georgia 30309
        404-881-4100

        *Counsel for Defendant PetVet Care Centers (Georgia), LLC d/b/a Mt. Yonah Animal Hospital*

#3558331v2

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2023, a true and correct copy of the foregoing was served on all counsel of record through the Court's electronic filing system.

/s/ Tiana S. Mykkeltvedt
Tiana S. Mykkeltvedt
Georgia Bar No. 533512
mykkeltvedt@bmelaw.com

#3558331v2