# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **RACHEL C. EDDLEMAN, D.V.M.,** and **EDDLEMAN PROPERTY MANAGEMENT, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**PETVET CARE CENTERS (GEORGIA), LLC d/b/a MT. YONAH ANIMAL HOSPITAL,**<br><br>Defendant. | Civil Action No.<br>2:23-CV-78-RWS |

## STIPULATION & CONSENT PROTECTIVE ORDER

After conferring, the Defendant believes that discovery in this matter will require the production of documents, testimony, and other information that is confidential. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, Plaintiffs Rachel C. Eddleman, D.V.M. and Eddleman Property Management, LLC and Defendant PetVet Care Centers (Georgia), LLC hereby stipulate and agree that the following provisions will govern the production and exchange of discovery materials and other information in this action. With the

#3632098v1

parties' consent and for good cause shown, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) & 29, it is

**HEREBY ORDERED**:

Certain discovery and/or testimony in this case is likely to involve materials which constitute, contain, or reveal confidential information or financial information concerning the parties, or various non-parties.  The unauthorized release of any such information could cause particular, significant harm to the parties and non-parties.

1.      **DEFINITIONS**:

a)      As used herein, "Producing Party" refers to any person or entity that produces documents or information in connection with this action, including the parties or any third party.

b)      As used herein, "Receiving Party" refers to the person or entity to whom a Producing Party produces any documents in connection with this action, including the parties.

c)      As used herein, "Designating Party" refers to any Producing Party that designates documents or information as "Confidential" pursuant to the terms of this Stipulation and Consent Protective Order; to any party that owns, originated, created, or initially prepared the documents, proprietary business or financial

information, or trade secrets at issue; or to any party who asserts that its proprietary business or financial information or trade secrets are contained in the documents.

2. **"CONFIDENTIAL" INFORMATION**: Any Producing Party or party to this action may designate documents and other information produced in this action as "Confidential" if the Producing Party or party has a good faith belief that the documents or information so designated constitute (a) a trade secret or other confidential information subject to the protections of Fed. R. Civ. P. 26(c)(1)(G); (b) proprietary financial information concerning the Producing Party, their affiliates or of a party or third party; or (c) other confidential information that would not be available to third parties outside the context of this litigation and the disclosure of which would cause substantial injury.

3. **DESIGNATION OF "CONFIDENTIAL" INFORMATION:**
Designating Party may designate documents[1] and information as "Confidential" as follows:

---

[1] For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rules 33 or 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a Confidential document, but, to the extent feasible, shall be prepared in such a manner that the Confidential information is bound separately from that not entitled to protection.

      a)       <u>Documents</u>:  A Designating Party may designate documents as "Confidential" by stamping the designation on each page of the document or affixing a label with the designation on each page of the document.

      b)       <u>Deposition Testimony</u>:  A Designating Party may designate depositions or any other pretrial testimony, the transcripts thereof, and the exhibits thereto as "Confidential" by a statement of counsel on the record.  Alternatively, counsel for a Designating Party may provisionally designate the entirety of a witness's pretrial testimony, deposition transcript and/or exhibits thereto as "Confidential" until the Designating Party has had an opportunity to review a complete transcript of that testimony and serve more particular designations upon the other parties to this action.  Unless otherwise agreed by the parties, such designations shall be made within 30 days of receipt of the transcript of the testimony.

      c)       <u>Other Information</u>:  A Designating Party may designate information that is produced in any other format, including electronic or magnetic form (i.e., information stored on computer disk), by cover letter to accompany the material so designated; and

      d)       In the event that a Producing Party or Designating Party discovers that Confidential material was produced without such a designation, the party may so designate such material as "Confidential" by providing written notice to the

Receiving Party. In such an instance, the material so designated shall be deemed as having been designated as Confidential from the time such notice is received.

4. **USE OF INFORMATION**: Except with the prior written consent of the Designating Party, or as hereinafter provided under this order, all information produced in this action and designated as "Confidential" pursuant to Section 3, above, shall be used for the sole purpose of conducting the prosecution, defense, or settlement of this action.

5. **PERMISSIBLE DISCLOSURES OF CONFIDENTIAL INFORMATION:** A Receiving Party may not disclose documents or information designated as Confidential to any person or entity other than:

   a) counsel for the parties in this action, including in-house counsel, who are actively engaged in the conduct of this litigation;

   b) the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

   c) the author of the Confidential document or information, the addressee(s), or other recipient(s) thereof;

   d) the Court and its staff, and Court officials involved in this litigation;

   e) court reporters and persons operating video recording equipment at depositions;

#3632098v1

f)  any special master appointed by the Court;

g)  witnesses at trial, deposition, or hearing(s) in the ordinary course of examination;

h)  any person agreed to by the Designating Party or as ordered by the Court in the interest of justice, upon such terms as the Court may deem proper;

i)  parties or officers or employees of the parties to the extent reasonably necessary to assist counsel in the prosecution defense or settlement of this action;

j)  persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

k)  outside consultants or experts retained for the purpose of assisting counsel for any party in connection with this litigation;

l)  employees of parties involved in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and

m)  employees of third-party contractors performing one or more of the functions described in (l) above.

Provided, however, that in all such cases the individual to whom disclosure is to be made shall first be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Consent Protective Order and may

not be disclosed other than pursuant to the terms thereof. Further, all persons listed in Paragraphs (j), (k), and (m), above, who receive access to Confidential material shall first confirm their understanding and agreement to abide by the terms of this Stipulation and Consent Protective Order by signing the form set forth in Exhibit A.

**6.     DECLASSIFICATION:** Any party (or aggrieved entity permitted by the Court to intervene for such purpose) who reasonably and in good faith believes that any information designated as "Confidential" has been misclassified must notify the Designating Party of their dispute in writing specifying the information or document at issue (e.g. by bates number or bates range) and state the nature of the dispute with respect to each challenge. The Designating Party shall, within 14 days from receipt of the written notice of the dispute, respond in writing as to whether the "Confidential" designation will be maintained or withdrawn. Should the Designating Party elect to maintain the document's Confidential classification, the parties shall meet and confer in good faith, by phone or in-person, to discuss the objections and attempt an amicable resolution. If the parties are unable to resolve this dispute the aggrieved party may seek Court intervention in accordance with the procedures outlined in Section II.b.iii of the Court's Standing Order Regarding Civil Litigation. To maintain "Confidential" status the Designating Party shall have the burden of proof to show that there is good cause for the

document to have such protection. The information shall continue to be treated as Confidential under the terms of this Order during this process.

7. **CONFIDENTIAL INFORMATION AT TRIAL AND IN MOTIONS:**

The parties shall make a good faith effort to avoid unnecessarily filing documents or revealing information designated "Confidential" in the public record. Any documents (including briefs), tangible things, or information designated as "Confidential" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by another order of the Court sealing the documents. Such documents must be filed in accordance with the procedures outlined in Section II.d. of the Court's Standing Order Regarding Civil Litigation for Filing Documents Under Seal. It shall be the Designating Party's obligation to file a Motion in support of a Motion to Seal the Designated Materials.

8. **SUBPOENAS OR REQUESTS FOR CONFIDENTIAL INFORMATION:** If a Receiving Party is served with a request for production or subpoena from another action or administrative agency that calls for the production of information designated as "Confidential" in this action, such party shall promptly notify the Designating Party of such request or subpoena.

9. **TERMINATION:** The provisions of this Order shall terminate when all "Confidential" documents or information and all copies of same (other than copies

of any papers filed with the Court as well as any transcripts and exhibits filed with the Court) have been returned to the Producing Party or destroyed. Additionally, counsel for each party may retain a copy of any "Confidential" document or information in its litigation file in accordance with counsel's normal policies regarding maintenance of such files. All such documents and copies shall be either returned or destroyed within 60 calendar days after final disposition of this action, including completion of, exhaustion of, and running of any deadlines for appeals, certiorari, remands, reviews, re-hearings, or trials. Upon request, the Receiving Party shall certify in writing that it has complied with the requirements of this paragraph.

**10. MODIFICATION PERMITTED:** Nothing in this Stipulation and Consent Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**11. NO WAIVER**:

    a) Review of "Confidential" documents and/or information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents and/or information or objections to production.

    b)    The inadvertent, unintentional, or *in camera* disclosure of "Confidential" documents and/or information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

    c)    Nothing in this Stipulation and Consent Protective Order shall restrict any Producing Party's ability to make any use or any disclosure of its own documents and information.

**12.**    **RIGHT OF "CLAWBACK"**:  Pursuant to Rule 502(d) of the Federal Rules of Evidence, the parties Stipulate and the Court hereby orders the following "clawback" protections against disclosure of documents covered by the attorney-client privilege (or similar evidentiary privilege) or work product doctrine ("Protected Documents"):

    a)    If Protected Documents are inadvertently produced, the Producing Party may, at any point, give written notice to the Receiving Party specifically identifying the Protected Documents and assert the attorney-client privilege (or similar evidentiary privilege) or work product doctrine.

    b)    Within 10 days after receiving such written notice, the Receiving Party shall return the Protected Documents without retaining a copy.

    c)    Within 10 days after receiving such a written notice, the party who produced the Protected Documents shall sequester such materials in the event *In Camera* inspection is requested.

#3632098v1

      d)      The Receiving Party, however, retains the right to seek Court intervention as to whether such documents are not protected by the attorney-client privilege (or similar evidentiary privilege) or work product doctrine. The Receiving Party shall follow the procedures outlined in Section II.b.iii of the Court's Standing Order Regarding Civil Litigation in seeking the Court's intervention.

      e)      Any inadvertent production of Protected Documents shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind.

**13.   VIOLATIONS OF PROTECTIVE ORDER:**  Any party may seek Court intervention, in accordance with the procedures outlined in Section II.b.iii of the Court's Standing Order Regarding Civil Litigation, regarding any person or party violating or threatening to violate any of the terms of this Protective Order. Any relief granted pursuant to those procedures shall be in the sole discretion of this Court. For the purpose of enforcing this Protective Order, this Court shall retain jurisdiction over the parties and this order.

**14.**   Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential documents and information.

#3632098v1

SO ORDERED, this 12th day of March, 2024.

_____
**RICHARD W. STORY**
United States District Judge

CONSENTED TO this 5th day of March, 2024.

| | |
|---|---|
| */s/ Lea C. Dearing (with express permisson by Solesse L. Altman)* <br> Lea C. Dearing <br> Georgia Bar No. 922882 <br> ldearing@bfvlaw.com <br> Carson L. Modrall <br> Georgia Bar No. 451366 <br> cmodrall@bfvlaw.com <br> **BERMAN FINK VAN HORN, P.C.** <br> 3475 Piedmont Road <br> Suite 1640 <br> Atlanta, Georgia 30305 <br> (404) 261-7711 <br><br> *Counsel for Plaintiff Rachel C. Eddleman, D.V.M., and Eddleman Property Management, LLC* | */s/ Solesse L. Altman* <br> Tiana S. Mykkeltvedt <br> Georgia Bar No. 533512 <br> mykkeltvedt@bmelaw.com <br> Solesse L. Altman <br> Georgia Bar No. 442827 <br> altman@bmelaw.com <br> **BONDURANT MIXSON & ELMORE LLP** <br> 1201 W. Peachtree St., Suite 3900 <br> Atlanta, Georgia 30309 <br> 404-881-4100 <br><br> *Counsel for Defendant PetVet Care Centers (Georgia), LLC d/b/a Mt. Yonah Animal Hospital* |

#3632098v1

# EXHIBIT A

# ACKNOWLEDGEMENT OF STIPULATION AND CONSENT PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I have received and read the Stipulation and Consent Protective Order entered into by the parties and the Court in *Eddleman, et al., v. PetVet Care Centers (Georgia), LLC d/b/a Mt. Yonah Animal Hospital*, Case No. 2:23-cv-0078-RWS; that I fully understand the terms of the Order, including that unauthorized disclosures of documents and information designated as "Confidential" constitute a violation of this Order; and that I acknowledge being bound by the terms of the Order. I also consent to the exercise of personal jurisdiction to this Court for the purpose of enforcing the terms of the Stipulation and Consent Protective Order.

AGREED AND CONSENTED TO BY:

Print Name: _____

Signature: _____

Date: _____

#3632098v1